**Alan C. GALLAGHER, Plaintiff,**

v.

**Joseph R. SMILEY, the Regents of the University of Colorado, W. E. Briggs and Duke W. Dunbar, as Attorney General of the State of Colorado, Defendants.**

**Civ. A. No. 66–C–608.**

United States District Court
D. Colorado.

April 24, 1967.

William F. Reynard and John D. Herron, Denver, Colo., for plaintiff.

John P. Holloway, Resident Counsel for University of Colorado and Asst. Atty. Gen. of Colorado, Boulder, Colo., for defendants.

Before HICKEY, Circuit Judge, and CHILSON and DOYLE, District Judges.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

The plaintiff instituted this action to enjoin the enforcement of a Colorado Statute (C.R.S.1963, Chapter 123, Article 17, Sections 6, 7 and 8) which provides, among other things, that a teacher employed to teach at a university in Colorado shall take the loyalty oath which is set forth in the statute and that any person in charge of a university who shall permit any teacher to teach without taking the oath shall be guilty of a misdemeanor.

A Three Judge Court was convened pursuant to Title 28 U.S.C. § 2281.

The matter came on for hearing before the Court on April 13, 1967, at which time counsel for the plaintiff and defendants filed an agreed statement of facts. Briefly stated, the agreed facts are that the defendant Mr. Smiley is the President of the University of Colorado; the defendant Regents of the University is the corporate body having supervision of the University of Colorado; defendant Mr. Briggs has the duty of employing and discharging teachers at the University of Colorado; defendant Mr. Dunbar is Attorney General of the State of Colorado and has the duty of enforcing and interpreting on behalf of state officials the statutes of the State of Colorado and is the legal advisor of the Board of Regents; plaintiff is a teacher at the University of Colorado; Mr. Briggs, at the direction of the Regents and upon the advice of Mr. Dunbar, has demanded that plaintiff execute an oath in the form provided in the aforementioned statute as a condition precedent to continuing in the discharge of his duties as a univer-

sity teacher; the plaintiff refused to take the oath and was thereupon notified in writing "to discontinue giving that instruction and discharging those duties which were contemplated when your faculty employment as lecturer in physics was initiated."

The evidence also discloses that on February 17, 1967 the Regents of the University of Colorado adopted a resolution prescribing a different form of oath than that required by the statute. The defendants have moved to dismiss the complaint on the ground the controversy is moot citing the resolution of February 17, 1967 and stating, " * * * said Regents no longer require plaintiff's compliance with 123–17–6 through 123–17–8, C.R.S. '63, which they had heretofore adopted verbatim."

The defendants have also moved to dismiss the complaint upon several other grounds.

The Court determines the case is not moot as there is no assurance that the Board of Regents will not at some time in the future require the plaintiff to take the oath prescribed by the statute. Morris v. Williams, 149 F.2d 703 (8th Cir. 1945); United States v. Aluminum Co. of America, 148 F.2d 416 (2nd Cir. 1945). The Court concludes that the motions to dismiss should be denied and the case should be determined upon its merits.

The facts as above set forth are adopted as the finding of fact of the Court.

The Court concludes as a matter of law that the statute requiring the plaintiff to take the oath in question, when construed in the light of Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964) is violative of due process because the oath is unduly vague, uncertain and broad and that a permanent injunction should issue prohibiting the defendants from requiring the plaintiff to take it.

It is therefore ordered, adjudged and decreed that the defendants and each of them and their successors in office are hereby perpetually enjoined from requiring the plaintiff to take, subscribe to or execute the oath set forth in Colorado Revised Statutes 1963, Chapter 123, Article 17, Section 6 and from interfering in any way with the continuation by the plaintiff of his duties as a lecturer in physics at the University of Colorado because of the plaintiff's failure to take, subscribe to or execute said oath.